**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

EVELIO JAVIER SILVESTRE-SILVESTRE,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; et al.,

Respondents.

Case No.:  26cv1471 DMS MSB

**ORDER GRANTING PETITION**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (Pet., ECF No. 1.)  The matter is fully briefed.  (*See* Traverse, ECF No. 3; Resp'ts' Resp., ECF No. 7; Pet'r's Resp., ECF No. 8.)  For the following reasons, the Court grants the Petition.

## I.  BACKGROUND

Petitioner fled from Guatemala and entered the United States sometime in or before 2016.  (Pet. ¶ 33.)  On or about August 16, 2026, he was released by the Office of Refugee Resettlement under § 235 of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008.  (*Id.* ¶ 34.)  Respondents initiated removal proceedings against Petitioner.  (*Id.* ¶ 35.)  He had been free from immigration custody for nearly ten

1

years until Immigration and Customs Enforcement officers detained him during a routine check-in appointment. (*Id.* ¶¶ 36–37.)  He has not received an individualized determination regarding the revocation of his release on bond.  (*Id.* ¶ 56.)  Petitioner reports that he has "complied with all the court and legal timelines in pursuing immigration relief." (*Id.* ¶ 36.) Respondents purport Petitioner was detained because he violated the conditions of the Alternatives to Detention ("ATD") program when he was arrested for driving under the influence on January 21, 2026.  (Resp'ts' Resp. 2; i*d.*, Ex. 1.)  Petitioner remains detained at the Otay Mesa Detention Center.  (Pet. ¶ 1.)

## II.  LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a).  A petitioner prevails in her petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States.  *Id.* § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.  DISCUSSION

When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

> three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner "invokes the most significant liberty interest there is—the interest in being free from imprisonment." *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted).  Here, Petitioner was released on bond for almost a decade when he was re-detained and, therefore, had a liberty interest. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner

26cv1471 DMS MSB

"has a private interest in remaining free, which developed over the year he resided in the United States"). This factor weighs in Petitioner's favor.

Next, there is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025) (citing cases). Petitioner was not provided notice of his impending arrest before arriving at his check-in appointment and he has not been afforded the opportunity to contest his re-detention. Respondents do not argue otherwise, but instead state Petitioner was re-detained for ATD violations. However, "Respondents fail to provide any legal authority in support of the proposition that Petitioner's DUI arrest justifies re-detaining him without prior notice or a pre-detention hearing." *Quiroz v. Larose*, No. 26-CV-866, 2026 WL 673822, at *3 n.2 (S.D. Cal. Mar. 10, 2026) (citation modified) (citation omitted). Additionally, the record is silent as to whether Petitioner was charged with or convicted of this crime. *See id.* Thus, the alleged ATD violations are insufficient reasons to circumvent adequate pre-deprivation process. Accordingly, the second factor—the risk of an erroneous deprivation of such interest through the procedures used—weighs in favor of Petitioner.

On the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). However, when the Government previously decided to release a noncitizen and there is no evidence of any changed circumstance that might have caused the Government to reconsider that decision, its interest in re-detention is low. *Doe v. Chestnut*, No. 25-cv-01372, 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted). The only explanation Respondents provide for Petitioner's re-detention is the alleged ATD violations; however, "the Court follows others in the Ninth Circuit in concluding that re-detaining an individual for a pending DUI charge without prior notice or a hearing violates

26cv1471 DMS MSB

due process." *Quiroz*, 2026 WL 673822, at *3 n.2 (citation modified) (citation omitted). Thus, this factor also weighs in Petitioner's favor. Applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates his due process rights. Accordingly, the Court **GRANTS** the Petition and **ORDERS** Petitioner's immediate release.[1]

### IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition. Respondents shall release Petitioner within **24 hours**, and shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove that changed circumstances related to flight risk or danger warrant Petitioner's re-detention. Respondents are further **ORDERED** to file a Status Report within **seven (7) days** of the entry of this Order, confirming Petitioner has been released.

**IT IS SO ORDERED.**

Dated:  April 24, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[1] In light of this determination, the Court declines to consider Petitioner's other claims for relief.

26cv1471 DMS MSB